IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-127-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, ) <br> DR. VENUS PITTS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DR. JEFFREY G. HEDGES, D.C., *et al.*, ) <br> ) <br> Defendants. ) | ORDER |

This matter is before the Court on a motion by defendants Dr. Hedges, ADIO Management, and Medical Fusion to stay this case. These defendants as well as defendants Andrew Wells, Action Potential Management, and WH Healthcare Group have also filed motions for protective order related to the motion to stay. The United States responded in opposition to the pending motions, and defendants requested oral argument on the motions. A hearing on these matters was held before the undersigned on January 7, 2020, at Raleigh, North Carolina.[1] For the reasons that follow, the motion to stay is denied and the motions for protective order are denied as moot.

BACKGROUND

The government's False Claims Act complaint alleges that defendants engaged in a scheme to defraud Medicare through improper billing practices. [DE 48]. The complaint alleges, *inter alia*, that in 2013 defendant Dr. Hedges recruited the relator, Dr. Pitts, a medical doctor, to open a new integrated chiropractic practice that Dr. Hedges, a chiropractor, could not

---

[1] As a hearing has taken place, the pending motion requesting oral argument [DE 103] is DENIED AS MOOT.

have operated himself. Dr. Pitts would be hired to supervise med-level practitioners who would perform medical procedures. Dr. Pitts eventually agreed, and, although she would nominally own the practice, she signed an employment agreement in which she was designated as an employee of Dr. Hedges. The practice was called Superior Health Physical Medicine (Superior Durham) and was located in Durham, North Carolina. The complaint alleges that Dr. Hedges and defendant ADIO Management seized control of the building in which Superior Durham was located as well as the operation of the practice, including its billing. The complaint alleges that Dr. Hedges and ADIO Management proceeded to defraud Medicare by submitting false claims and by making and using false statements and records to support their claims. The complaint further alleges that Dr. Hedges perpetrated a similar scheme at four other integrated medical practices.

Between 2014 and 2015, three third-party audit reports noted serious concerns about the billing practices at Superior Durham. One of those audits was allegedly arranged for by attorney Steven Bittinger. Dr. Hedges contends that Mr. Bittinger was retained as his counsel when the Superior Durham audit was arranged; Steven Bittinger also formerly represented the relator Dr. Pitts. Dr. Hedges has filed a legal malpractice suit against Mr. Bittinger that is currently being litigated in the United States District Court for the Northern District of Ohio. *Hedges v. Bittinger*, No. 1:17-cv-720-CAB. He contends that Dr. Pitts is a straw relator and that the real relator, Mr. Bittinger, violated the attorney client relationship when he brought his claims to the government.

## DISCUSSION

Defendants Dr. Hedges, ADIO Management, and Medical Fusion (the Hedges defendants) seek to stay this case to allow the malpractice claims pending in the North District of

Ohio to be decided. The moving defendants contend that a stay would promote judicial economy because the malpractice action will decide legal and factual issues that are germane to the defenses that Dr. Hedges anticipates presenting in this case. The Hedges defendants also contend that a stay will not prejudice the government, but that the failure to stay this case will create a hardship and inequities for the moving defendants because Dr. Hedges will have to utilize resources to litigate similar facts and issues in two courts.

A district court has inherent authority to manage its docket to promote "economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When determining whether to stay proceedings, a district court generally considers "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-2274-JFA, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (citation omitted). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

The Hedges defendants have failed to demonstrate that a stay of this case is warranted or appropriate. As to the hardship and equity to the Hedges defendants, even if the North District of Ohio determines that Mr. Bittinger violated an attorney client relationship with Dr. Hedges, such a determination would not foreclose any of the claims in this case, which the government is now prosecuting as the real party in interest. *See United States v. Quest Diagnostics Inc.*, 734 F.3d 154, 167 (2d Cir. 2013). Moreover, that the Hedges defendants may raise an advice-of-counsel defense in this case is not necessarily dependent on the outcome of the North District of Ohio litigation. Thus, although being a litigant in two courts at the same time is undesirable, the

3

Court is unpersuaded that the Hedges defendants will suffer any real prejudice if this action proceeds. Nor is there any judicial economy to be gained by a stay because the matters being litigated in the North District of Ohio are either not germane or will have no dispositive effect on this litigation.

The potential prejudice to the government in awaiting a decision in the malpractice action, however, is serious. In a False Claims Act case, the taxpayers are the true plaintiff, as "they have a strong interest in fraud perpetrated against the United States that results in monetary loss to the Government." *United States ex rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 26 (D.D.C. 2013). The government alleges that it has been defrauded of over $1 million, and its taxpayers surely have an interest in an expeditious resolution of this case.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to stay [DE 91] is DENIED. The motions for protective order [DE 94, 96, 101] are DENIED AS MOOT. Any stay of discovery deadlines that was afforded by the filing of the motions for protective order terminates as of the date of entry of this order. The parties shall confer and move to amend the scheduling order within fourteen (14) days of the date of entry of this order if necessary. The motion requesting oral argument [DE 103] is DENIED AS MOOT.

SO ORDERED, this __ day of January, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE